UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CV-81354-MARTINEZ

VARONDRIA WILLIAMS and
MICHAEL WILLIAMS,

        Plaintiffs,

v.

FAY SERVICING, LLC, *et al.*,

        Defendants.
_____

### REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b) (ECF No. 56)

Currently before me is the Motion of Plaintiffs, Varondria Williams and Michael Williams, to vacate the order of dismissal with prejudice that the Honorable Robin L. Rosenberg entered on March 3, 2025. [ECF No. 55]. This case has since been reassigned to the Honorable Jose. E. Martinez, who referred the instant motion to me for appropriate disposition. [ECF Nos. 59, 61]. For the reasons that follow, I RECOMMEND that Plaintiffs' motion be DENIED.

### BACKGROUND

Plaintiffs filed this action on October 30, 2024, asserting various claims relating to their loan agreement, loan modification, and obligation to pay for private mortgage insurance. [ECF No. 1]. Over the course of the litigation, Plaintiffs amended their complaint twice, and Defendants, Edward J. Fay, Fay Servicing, LLC, U.S. Bank Trust National Association in its capacity as Trustee of Citigroup Mortgage

Loan Trust 2023-A, and Wells Fargo Bank, N.A., moved to dismiss Plaintiffs' Second Amended Complaint. [ECF Nos. 41, 45]. After the motions to dismiss were fully briefed, the Court granted them and dismissed the case with prejudice, finding that their loan modification did not entitle Plaintiffs to stop paying for private mortgage insurance. [ECF No. 55]. Plaintiffs did not appeal the dismissal, nor did they take any other action until they filed this Motion more than five months after the case was closed. With the instant Motion, Plaintiffs pursue the only remedy available to them, namely, a Rule 60(b) motion to set aside the March 3, 2025, dismissal.

## DISCUSSION

A Rule 60(b) motion permits a court to "relieve a party" from a "final judgment" or "order" for a variety of reasons, including mistake, newly discovered evidence, fraud, or (under subsection (b)(6)) for "any other reason that justifies relief." *A&F Bahamas, LLC v. World Venture Grp., Inc.,* No. 15-60019-CIV, 2019 WL 1979427, at *2 (S.D. Fla. May 3, 2019) (quoting Fed. R. Civ. P. 60(b)). Relief under Rule 60(b)(6) is an "extraordinary remedy" and thus "extraordinary circumstances" are required to justify the reopening of a final judgment. *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (citations omitted). "[D]isagreement with the Court's ruling is an insufficient basis for reconsideration of a prior order" and "Rule 60(b) is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." *Cuffy v. Sec'y, Dep't of Corrections*, No. 16-CV-62463, 2023 WL 5487500, at *1 (S.D. Fla. July 5, 2023). A party seeking relief under Rule 60(b) must "demonstrate a justification for relief so compelling that the

district court is required to grant the motion." *Id.* (quoting *Maradiaga v. United States*, 679 F.3d 1286, 1291) (11th Cir. 2012). Finally, a Rule 60(b) motion must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Whether to grant relief under Rule 60 is "a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).

In their Motion, Plaintiffs seek relief from the order of dismissal "due to errors of law, mistake of facts, newly discovered evidence, denial of due process, and time-barred statute of limitations that prevent Plaintiffs from refiling their second amended complaint." [ECF No. 56] at 1. Plaintiffs then make a series of arguments that the Court erred in its dismissal of their claims, essentially repeating the arguments in their responses to the motions to dismiss that the Court already analyzed and rejected. [ECF Nos. 47, 50, 55, 56]. The instant Motion ignores the legal authority cited in the Court's order of dismissal and cites inapplicable cases that do not support relief from judgment. For example, Plaintiffs argue that the Court misapplied the Homeowners Protection Act ("HPA") in determining that their alleged loan modification did not alter their obligation to pay for private mortgage insurance. [ECF No. 56] at 3. However, the Court already explained its reasoning and cited legal authority for its interpretation of the HPA, and Plaintiffs are simply attempting to dispute the Court's findings rather than set forth newly discovered evidence or other justifiable reasons for relief from judgment. [ECF Nos. 55, 56]. Thus, Plaintiffs have presented no extraordinary circumstances to justify relief as required under Rule 60(b).

In addition, Plaintiffs offer no explanation as to why they waited more than five months after the dismissal order was entered to file this Motion. "What constitutes a 'reasonable time' [under Rule 60] depends upon the circumstances of each case, including "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *Secs. & Exch. Comm'n v. Gity*, No. 20-CV-14342, 2021 WL 7543025, at *2 (S.D. Fla. Sept. 3, 2021) (quoting *BUC Int'l Corp. v. Int'l Yacht Council, Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008)). Courts have concluded that such a delay is unreasonable, especially when the moving party fails to provide an acceptable reason. *See Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 737 (11th Cir. 2014) ("Herrera still fails to provide us with grounds for considering the motion because he waited an additional five months after his attorney was licensed to file anything with the district court. Herrera does not give an acceptable reason for this delay."); *Morrison v. Costco Wholesale Corp.*, No. 18-CV-62063, 2019 WL 13497938, at *1 (S.D. Fla. May 14, 2019) (denying relief under Rule 60(b) when the plaintiff waited five months to move to vacate dismissal order); *Gity*, 2021 WL 7543025, at *3 (request for relief from consent agreement under Rule 60(b) five months after the agreement was signed and two months after final judgment was not reasonable). Accordingly, Plaintiffs' Motion is untimely.

## REPORT AND RECOMMENDATION

For the foregoing reasons, I RECOMMEND that Plaintiff's Motion for Relief from Judgment [ECF No. 56] be DENIED.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If parties do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of October 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE